Shaw, C. J.
This is said, in the beginning of the statement of facts, to be a process of forcible entry and detainer. As there is no intimation in the whole case of any forcible entry, or continuing to hold with strong hand by the defendant, we must conclude that this designation of the process is a mere misnomer. It is true, that c. 104 of the Rev. Sts. is headed, “ Of forcible entry and detainer,” although it embraces also the" subject of landlord and tenant; but this process is obviously founded on the latter portion of that chapter. If the case is within the law, it is immaterial by what name it is called.
By the facts and documents referred to, it appears, that in 1844, Allen, the defendant, owned one parcel of the estate, which was under mortgage to Eaton; it was mutually agreed between them and Otis, to whom also Allen was indebted, that Otis should advance money sufficient to pay Eaton, and obtain a discharge of his mortgage; that, thereupon, Allen should convey to Otis, and Otis give Allen either a defeazance, or a bond for a deed. Subsequently, by a mutual agreement, Davis took the place of Otis, advanced the amount due to him, took a deed from, and executed an instrument to, Allen. The other parcel was conveyed by Eaton to Davis, *34 but manifestly for the use of Allen, and thereupon Davis gave Allen a bond, stipulating to convey the whole to Allen, on payment of his note at five years, with interest semiannually. The intent of the transaction seems to have been, to vest the legal title in Davis, as a security for his advances, for which also he took Allen’s note of the same date, payable in five years. Two and a half years’ interest was paid on this note, but the half year’s interest due on the 1st of October, 1849, remained unpaid. Upon the strength of this bond for a deed or equitable title, Allen had built a house on the premises. After this non-payment of half a year’s interest on the note, Davis conveyed the estate in fee to the complainant, and she forthwith instituted this process.
The court are of opinion, that the summary process provided in Rev. Sts. c. 104, § 2, cannot be maintained, because the defendant is not, and has not been, the lessee of the lands or tenements described, nor does he hold under such lessee, nor does he hold them as demised premises, within the meaning of the statute. The case is settled by the principles laid down in the recent case of Howard v. Merriam, 5 Cush. 564, 583. In that case, it is true, the defendant had from Goodrich, the former owner, a bond for a deed, or equitable title; but it was expressly agreed that the defendant" held the possession under a parol agreement, which constituted him tenant at will; and further, the defendant offered proof to show, that it was a parol agreement for four years certain, which had not expired; but it was rejected on the ground, that, by statute, a parol lease for years could give no greater right than that of a tenancy at will; Rev. Sts. c. 59, § 29; and it was expressly upon the ground of such tenancy at will, determined by a conveyance in fee by the lessor, that the summary process was held in that case to be maintainable.
But it is sometimes said, that one who is in thus under a contract for a sale is tenant at will to the owner. In a certain sense he is a tenant at will, as a mortgagor is tenant at will to the mortgagee, because he may enter upon him and eject him, if he can do it peaceably, or maintain a real action on his title, and thus gain the possession. He is like a mort *35 gagor in relation to a mortgagee, in another respect; he is under no obligation to pay rent, unless upon an express agreement. See Larned v. Clarke, (ante, 29.) If it be said, that he was to pay rent in the form of interest on the note, the answer is, that he was to pay a sum of money semiannually, not for the use of the land, nor grounded on the estimated value of such use, but as forbearance of payment of a sum of money, which he had contracted to pay absolutely, and for which he had given his note. There is no appearance of any agreement, that the defendant’s right of possession was made dependent on the payment of interest, though it is highly probable that this was tacitly understood. But the statute providing for a summary process, in case of the holding over of a tenant without right, requires something more, and refers to the case of a lessee and an actual demise.
P. C. Bacon and D. Foster, for the plaintiff.
J. Mason, for the defendant.

Judgment for the defendant.